**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4769**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EFRAIN AVILA-FLORES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:18-cr-00152-JAG-1)

Submitted: August 30, 2022                 Decided: December 21, 2022

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Aidan Grano-Mickelsen, Assistant United States Attorney, Matthew L. Cofer, Special Assistant United States Attorney, Alexandria, Virginia, Jessica D. Aber, United States Attorney, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efrain Avila-Flores, a native and citizen of Guatemala, pled guilty to one count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a), reserving his right to appeal the denial of his second motion to dismiss his indictment.  We affirm.

A collateral attack on a removal order in an illegal-reentry prosecution is allowed where "failures of due process in an immigration proceeding . . . would make it fundamentally unfair to rely on a removal order coming out of that proceeding." *United States v. Moreno-Tapia*, 848 F.3d 162, 169 (4th Cir. 2017).  To successfully attack an underlying removal order, a defendant must show the following:  (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was effectively deprived of his right to judicial review of the removal order; and (3) the entry of the removal order was fundamentally unfair.  8 U.S.C. § 1326(d); *see United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005).  An order is fundamentally unfair if the defendant shows that "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *El Shami*, 434 F.3d at 664.  In *United States v. Fernandez Sanchez*, No. 20-4061, 2022 WL 3589494, at *5–6 (4th Cir. Aug. 23, 2022), we declined to decide whether we review a district court's ruling on a § 1326(d) motion to dismiss de novo, consistent with *El Shami*, 434 F.3d at 633, or whether we instead review the district court's legal conclusions de novo but its factual findings for clear error, consistent with *United States v. Lopez-Collazo*, 824 F.3d 453, 460 (4th Cir. 2016).  Here, as in *Fernandez Sanchez*, the

2

result is the same under either standard, so we again need not decide which standard applies. *See* 2022 WL 3589494, at *6.

Avila disputes the district court's finding that he failed to demonstrate that his underlying deportation proceeding was fundamentally unfair, asserting that the IJ improperly or inadequately advised him regarding the relief of voluntary departure, that he was not given a requested bond hearing, that the IJ did not advise him of his procedural rights, and that the IJ failed to properly maintain the record. However, Avila "had no due process right to be advised of discretionary relief." *United States v. Herrera-Pagoada*, 14 F.4th 311, 320 (4th Cir. 2021). Further, "due process requires, at a minimum, that an alien be given (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Id.* at 321 (internal quotation marks and alteration omitted). We conclude that none of these rights were compromised. *Id.* Finally, as the district court found, Avila failed to "link the actual prejudice he claims to have demonstrated to the specific due process violation[s] at issue" and demonstrate that "but for the [due process] errors complained of, there was a reasonable probability that he would not have been deported." *Fernandez Sanchez*, 2022 WL 3589494, at *5 (internal quotation marks and emphasis omitted).

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3